UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARIBEL FLOREZ OSPINA,

    Plaintiff,

v.

BEST DEAL ON SECURITY USA, CORP, a
Florida Profit Corporation, d/b/a FOREST LAKES
LEARNING CENTER, ISABELLA GARCIA,
individually, and FELIPE ZERPA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MARIBEL FLOREZ OSPINA ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendants, BEST DEAL ON SECURITY USA, CORP, a Florida Profit Corporation, d/b/a FOREST LAKES LEARNING CENTER ("Forest Lakes"), ISABELLA GARCIA ("Garcia"), and FELIPE ZERPA, individually ("Zerpa") (collectively, "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to 29 U.S.C. § 201 *et seq*. ("Fair Labor Standards Act," "FLSA," or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1343.

3. Venue is proper in the United States District Court for the Southern District of Florida because: (a) Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in Miami-Dade County;

(b) the acts that gave rise to Plaintiff's claims occurred within the Southern District of Florida; and (c) Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants from approximately March 12, 2021, until on or about October 4, 2022, as a preschool teacher. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Forest Lakes is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Forest Lakes has its principal place of business in Miami, Florida. Forest Lakes had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Forest Lakes is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Forest Lakes is a preschool primarily engaged in the care and protection of preschool age children, providing custodial, educational, and/or developmental services to preschool age children to prepare them to enter elementary school grades.

9. At all times material to this Complaint, Forest Lakes has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

10. Defendant, Garcia, is the manager and/or supervisor of and exercised operational control over the activities of corporate Defendant, Forest Lakes.

11. Defendant, Garcia, acted directly or indirectly in the interest of Forest Lakes. Upon all available information, Garcia, controlled the manner in which Plaintiff performed her work.

12. Defendant, Zerpa, is the owner and/or manager, and exercised operational control over the activities of corporate Defendant, Forest Lakes.

13. Defendant, Zerpa, acted directly in the interest of his company, Forest Lakes. Upon all available information, Garcia, controlled the manner in which Plaintiff performed her work and the pay she was to receive.

14. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Plaintiff began working for Defendants' facility at 16760 SW 88th St, Miami, FL 33196, on or about March 12, 2021, through on or about October 4, 2022, as a staff member of the preschool. Her primary duties included caring for the physical needs of the facility's children, preparing the facility's children for kindergarten, organizing the classroom, planning projects and curriculum, and speaking to parents. However, Defendants would also require that Plaintiff cleaned the facility's restrooms.

18. From the beginning of her employment until around September 2021, Plaintiff was paid an hourly rate of $11.00/hour. In or around September 2021, Plaintiff was then raised to an hourly

rate of $14.00/hour, and she was compensated at that rate until the end of her employment. Plaintiff was compensated biweekly.

19. Based upon the records available to Plaintiff, Defendants' workweek was from Fridays through Thursdays.

20. During the course of her employment, Plaintiff estimates that she regularly worked at least nine and one-half (9.5) hours to ten and one-half (10.5) hours per day, at least five (5) days a week – Mondays through Fridays – for every workweek. Plaintiff would also occasionally be required to work extra hours when the Defendants hosted events for the children, such as graduation. Additionally, during her entire employment, Plaintiff also worked at least three (3) Saturdays, for at least six (6) hours, performing cleaning services as requested by Defendants, and at least one (1) Sunday, for at least (6) hours, in addition to her regular schedule, totaling a workweek of six (6) days worked by Plaintiff.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in each workweek.

22. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate her at her regular rate for all eighty (80) hours worked in a particular pay period, regardless of the hours actually worked.

23. As a result of this practice, Defendants failed to compensate Plaintiff at all for those hours worked more than forty (40) in any given workweek.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against FOREST LAKES

28. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Since the commencement of Plaintiff's employment, Forest Lakes has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours worked of overtime hours at a rate not less than one and one-half times their regular rate.

31. Specifically, throughout her employment Plaintiff worked over forty (40) hours during some of the workweeks in which she was employed.

32. Forest Lakes is and was, during all times hereafter mentioned, an enterprise engaged in business activities to which the FLSA applies.

33. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as caring for the physical needs of the facility's children, preparing the facility's children for kindergarten, organizing the classroom, planning projects and curriculum, and speaking to parents, and she did not have decision-making authority.

34. Forest Lakes has knowingly and willfully failed to pay Plaintiff at time and one-half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

35. By reason of the said intentional, willful, and unlawful acts of Forest Lakes, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

37. As a result of Forest Lakes's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Forest Lakes.

WHEREFORE, Plaintiff respectfully prays for the following relief against Forest Lakes:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

  C. Award Plaintiff an equal amount in liquidated damages;

  D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME against GARCIA**

39. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

40. At all times material hereto, Defendant, Garcia, was and is now the manager and/or supervisor of corporate Defendant, Forest Lakes.

41. Garcia was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Garcia acted directly or indirectly in the interests of Forest Lakes in relation to its employees, including Plaintiff.

42. Specifically, Garcia is one of the managers and/or supervisors of Forest Lakes and directly supervised Plaintiff, controlled the day-to-day of Forest Lakes, and maintained the authority and right to hire and/or fire Plaintiff during all pertinent times hereto.

43. Garcia had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Garcia willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. By reason of the said intentional, willful, and unlawful acts of Garcia, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of willful violations of the Act, Plaintiff is entitled to liquidated damages.

 WHEREFORE, Plaintiff respectfully prays for the following relief against Garcia:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/OVERTIME against ZERPA**

47. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

48. At all times material hereto, Defendant, Zerpa, was and is now a corporate officer, manager, and/or supervisor of corporate Defendant, Forest Lakes.

49. Zerpa was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Zerpa acted directly or indirectly in the interests of Forest Lakes in relation to its employees, including Plaintiff.

50. Specifically, Zerpa is one of the owners, managers, and/or supervisors of Forest Lakes and supervised Plaintiff, controlled the amount of pay Plaintiff was to receive, signed all the checks, controlled Forest Lakes's employees' pay, including Plaintiff's, and maintained the authority and right to hire and/or fire Plaintiff during all pertinent times hereto.

51. Zerpa had operational control of the business and is thus jointly liable for Plaintiff's damages.

52. Zerpa willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

53. By reason of the said intentional, willful, and unlawful acts of Zerpa, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Zerpa:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MARIBEL FLOREZ OSPINA, demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 27, 2023.                    Respectfully submitted,

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202